ICHABOD W. HARPER v. STATE OF MISSISSIPPI.

INTOXICANTS.   Unlawful sale.   Evidence.   Tricks.

> The sale of a ticket, representing intoxicating liquor, so arranged that as each bottle of liquor might be delivered a hole could be punched in the ticket to show the fact and the subsequent delivery of one or more bottles of liquor to the holder of the ticket, upon its presentation and punching, is a sale of liquor so delivered, although the money was paid by the purchaser when he received the ticket.

FROM the circuit court of, second district, Coahoma county.

HON. SAMUEL C. COOK, Judge.

Harper, the appellant, was indicted, tried, and convicted of the unlawful sale of intoxicating liquor, and appealed to the supreme court.

The evidence showed that appellant operated under the name of the Jonestown Beer Club, and sold tickets to any one who would pay the money for them, who thus became a member of the club as long as the tickets lasted; that one Stewart paid appellant one dollar, for which he received a ticket which entitled him to eight bottles of beer, upon which four bottles had been delivered, and, as the beer was delivered, appellant would punch the ticket, to show how much had been delivered.

The court gave the following instruction for the state, to which appellant excepted: "The court instructs the jury that if they believe from the evidence, beyond a reasonable doubt, that the defendant was in charge of a club, and kept on hand beer,

and furnished Stewart a ticket for one dollar, and then delivered the beer to Stewart, and punched his ticket for each bottle of beer delivered to Stewart, then he is guilty, and the jury should so find." The court refused the following instruction asked by defendant, to which he excepted: "The court instructs the jury that if they believe from the evidence that the beer in Harper's charge was on deposit for delivery to Stewart, and that Harper was only acting as the servant of a number of gentlemen in Jonestown who had purchased beer, and had it shipped to them, and was then divided out by giving tickets representing their *pro rata* shares, then they must acquit."

*J. A. Glover,* for appellant.

The defendant, Harper, was the steward of the Jonestown Beer Club, an association of gentlemen in the town of Jonestown, formed for the purpose of keeping for their own convenience liquid refreshments. From the evidence it will be seen that the members of the club would deposit with the defendant such money as they saw fit and have the defendant order so much beer to be kept on deposit until called for by them.

The question is, Was this a sale or barter of liquor? Here are a number of gentlemen belonging to a club, having a man to take care and attend to liquors for them, and as each member sees fit to order. This steward is in the position of an agent or bookkeeper in any store, obeying instructions of his employer. A man cannot sell or barter any article to himself, nor can an agent who has possession of his employer's property sell or barter that property to his employer. *Commonwealth* v. *Smith,* 102 Mass., 104; *Commonwealth* v. *Pomphret,* 50 Am. St. Rep., 340; *Commonwealth* v. *Ewing,* 145 Mass., 119; *Piedmont Club* v. *Commonwealth,* 87 Va., 540; *People* v. *Soule,* 74 Mich., 250; *Tennessee Club* v. *Dwyer,* 11 Lee, 452; *Siem* v. *State,* 55 Md., 566 (39 Am. St. Rep., 419).

The case of the *Nogales Club* v. *State,* 69 Miss., 218, does not decide the question that is presented in this case in any

manner whatever, as in that case the defendants in error were indicted for selling liquor to a minor, although the minor was a member of the club. The law forbids selling liquor to a minor under any circumstances; therefore the said decision does not control, in any manner whatever, the case at bar.

*William Williams,* attorney-general, for appellee.

The testimony in this record is the strongest argument that can be made in support of the state's theory of this case. There is no error of law in the record, and if the facts in this case do not warrant the court in affirming the conviction, it is impossible to prevent one from evading the statute against unlawful selling of intoxicants.

TRULY, J., delivered the opinion of the court.

The ingenious defense so plausibly presented in the brief of counsel for appellant is not supported by the testimony. The proof shows that the witness Stewart bought from the appellant eight bottles of beer, paying therefor cash in advance, and receiving as evidence of his purchase a printed ticket or card, representing the amount of beer which the holder was entitled to receive upon presentation of the ticket. The ticket was so arranged that, as each bottle of beer was delivered, a punch hole was made to show that fact. This was a sale, within the meaning of the law. The fact that appellant operated under the style of the Jonestown Beer Club, and that any one could purchase a ticket entitling him to beer upon payment of the money, and remained a member only so long as his ticket lasted, far from being circumstances on which to predicate a theory of innocence, is proof strongly tending to show that appellant was openly and habitually engaged in the illegal sale of liquor.

*Affirmed.*