WILLIAM BENNETT *v*. STATE OF MISSISSIPPI.

1. INTOXICANTS. *Sales. Subterfuges.*

   Tricks and subterfuges to evade the operation of the law prohibiting the sale of intoxicants will not be countenanced by the courts.

2. SAME. *Concrete case.*

   Proof that two persons asked accused for some whisky; that he wrote his name on a blank piece of paper and gave it to them, and that they carried it away and delivered it, with a sum of money, to the agent of a common carrier, who placed them in possession of some whisky, not a word having passed between them and the agent, will support a conviction of the accused for the sale of the whisky, under the statute prohibiting the sale of intoxicants.

FROM the circuit court of Madison county.

HON. DAVID M. MILLER, Judge.

Bennett, the appellant, was indicted and tried for and convicted of the unlawful sale of intoxicants, and appealed to the supreme court.

The state's witnesses went to appellant and asked him for some whisky. He replied that he had none, but thought he could help them out in getting it. He then wrote his name on a blank piece of paper, which he delivered to these witnesses. They carried the paper to the agent of an express company and delivered it to him, together with some money, three and one-half dollars, and four quarts of whisky were delivered to them by the agent. Not a word passed between them and the express agent. The agent simply delivered the whisky to the witnesses upon receipt of the paper with appellant's name on it and the money. The sale of intoxicants is not prohibited to the licensed few in Madison county, where the transactions occurred, but appellant was not the privileged class to whom a license to sell had been granted.

*Pratt & Reid,* for appellant.

Defendant was charged with selling liquor, but the proof failed, absolutely, to show a sale by him; indeed, the witnesses say that they never bought any whisky of Bennett, and their testimony does not show that he was in any way interested in the whisky they got from the express agent.

In *West* v. *State,* 70 Miss., 601 (s.c., 12 South. Rep., 903), the defendant was indicted on two counts. The first count charged a sale in substantially the same words as those used in this indictment; the second count charged him with soliciting orders. In that case the court said: "Evidence of the receipt by West, in Pike county, of an order for liquor, which he afterwards sent and got pay for, does not show a sale in that county, and, therefore, does not sustain the first count in the indictment." In other words, if a *sale* be charged, in order to sustain a conviction, a *sale,* and not some other violation of the dramshop chapter, must be proved.

Upon the trial of the instant case it was not contended that a sale had been proved; the state abandoned this position as untenable. The district attorney asked and obtained only two instructions, both of which submitted to the jury only the questions of Bennett's guilt in acting as the agent or assistant of either the purchaser or the seller, and informed them that if they believed this they should find him guilty, even though they believed he had no interest in the sale of the liquor. These instructions were based upon Code 1892, § 1604; and waiving for the present the fatal errors in both of them, and conceding, for the sake of argument, that the indictment was sufficient upon which to base a conviction of acting as the agent or assistant, we will see that the conviction was improper and void. The alleged offense was not committed in a county, district, territory, or municipality in which the sale of liquor is prohibited by law.

*R. V. Fletcher,* assistant attorney-general, for appellee.

Devices and subterfuges for evading the liquor laws are not

in good odor with this court. *Harper* v. *State,* 85 Miss., 338 (s.c., 37 South. Rep., 956).

That appellant, if not the actual seller of the liquor, aided and abetted in the sale, is clear. Therefore, as everybody knows, he is guilty as a principal. *Wiley* v. *State,* 74 Miss., 727 (s.c., 27 South. Rep., 797) ; *Johns* v. *State,* 78 Miss., 663 (s.c., 29 South. Rep., 401) ; *Wortham* v. *State,* 80 Miss., 205 (s.c., 32 South. Rep., 50).

The case should be affirmed. It presents but one more ingenious, but fruitless, effort to evade the penalty of the liquor laws.

TRULY, J., delivered the opinion of the court.

This case presents for consideration the latest subterfuge contrived in an abortive effort to evade the laws forbidding the unlawful sale of intoxicating liquors. Under the undisputed facts of this case, appellant was rightfully convicted—not because of any supposed operation of Code 1892, § 1604 (for that section has no application here), but because by his acts and conduct he made himself a principal, by operation of that immutable rule which makes every one who aids, abets, or participates in the commission of a misdemeanor guilty as a principal. *Wiley* v. *State,* 74 Miss., 727 (21 South. Rep., 797) ; *Johns* v. *State,* 78 Miss., 663 (29 South. Rep., 401) ; *Wortham* v. *State,* 80 Miss., 205 (32 South. Rep., 50).

It is a question of no serious legal importance as to whether the whisky delivered to the purchaser had been originally consigned to the appellant or to some other person. If consigned to some person other than the appellant, and by the express agent knowingly delivered to a person not the original consignee, then the express agent was also guilty; but, in either event, the appellant aided and assisted in making a sale of whisky without authority of law, and this made him guilty as a principal. We hold that where a shipment of whisky is made by an express com-

pany, c.o.d., to one person, and the original consignee of the shipment transfers the same to another person, who pays the purchase price and secures the whisky, this constitutes a sale, within the meaning of the law, by such original consignee; and if the express agent knowingly participates in such transaction, or knowingly delivers "c.o.d. whisky" upon the order of any one not the original consignee of the shipment, he also is guilty as a principal.    We repeat, as was said in *Harper* v. *State,* 85 Miss., 338 (37 South. Rep., 956), tricks and subterfuges to evade the operation of the liquor laws will not be encouraged or countenanced by this court.

*Affirmed.*