THOMAS JOHNS *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Misdemeanors. Accessories.*

There are no accessories in misdemeanors at common law, but all who aid in and incite their commission are principals.

2. SAME. *Verdict. Certainty.*

Certainty is essential to a verdict, but that is certain which can be made certain. The evidence and the entire proceeding may be considered in determining the meaning of a verdict.

3. SAME.

A verdict in these words, "We, the jury, find the defendant guilty of aiding selling whisky," returned on the trial of an indictment for the unlawful sale of whisky, a misdemeanor, is equivalent to finding the defendant guilty as charged.

FROM the circuit court, first district, of Chickasaw county. HON. EUGENE O. SYKES, Judge.

Johns, the appellant, was defendant in the court below, and appealed to the supreme court from a judgment convicting him of unlawfully selling whisky. The opinion states the case.

*Buchanan & Orr*, for appellant.

The verdict is too uncertain upon which to predicate a conviction. The indictment charged appellant with unlawfully selling whisky on October 2, 1899, in the first district of Chickasaw county. The verdict does not find him guilty as charged, but, by implication rather, finds to the contrary. It says he is "guilty of aiding selling whisky." When? Where? How? We have a statute (code 1892, § 1604) making it a distinct misdemeanor to. act as agent of either the seller or the purchaser in an unlawful sale of intoxicants, but appellant was not indicted thereunder.

*Monroe McClurg*, attorney-general, for appellee.

The indictment was drawn under § 1592 of the code of 1892. It charges a misdemeanor, and all who aided or abetted are principals, hence it is immaterial whether he did the direct selling or aided therein, he was properly convicted. This rule is not changed because § 1604 provides for the indictment and conviction of an agent or assistant. There is a clear legal distinction between one who merely aids and abets, especially in the manner disclosed by the testimony in this case, and those who act as agents or as servants as contemplated in § 1604. The latter class are generally compensated in some way, while the former generally are not, unless they get a drink. *Beck* v. *State*, 69 Miss., 217; *Dahmer* v. *State*, 56 Miss., 787.

The verdict is responsive to the issue. It is in the language of the testimony. "Of aiding in selling whisky" may be treated as surplusage, but it means, "We, the jury, find the defendant guilty as charged." It is not a special verdict.

*Traube* v. *State*, 56 Miss., 153; *Timmons* v. *State*, 56 Miss., 786.

TERRAL, J., delivered the opinion of the court.

The appellant was indicted in the circuit court of Chickasaw county, first ·district, for the sale of vinous and spirituous liquors without license. The court instructed the jury that if they believed from the evidence, beyond all reasonable doubt, that the defendant sold the whisky as charged, or in any way aided and abetted in making the sale, they should convict, whereupon the jury returned this verdict: " We, the jury, find the defendant guilty of aiding selling whisky."

It is urged that the verdict is insufficient to support a judg‧ ment. At common law there are no accessories or distinction of principals in misdemeanors, but all who aid and incite in the commission of the crime are principals. *Williams'* case, 12 Smed. & M., 58.

The verdict here would ·have been more formal if it had simply found the defendant guilty as charged, but the clear meaning of the verdict is that the defendant aided in the sale of the whisky, and so in the eye of the law he is a principal in the commission of the crime charged. Certainty is a substantial requisite of a verdict, but that is certain which may be rendered certain. The evidence and all the proceedings in the case may be looked at in order to ascertain the intention of the jury, and when that is discovered it is the duty of the court to give it effect. 28 Am. & Eng. Enc. L. (1st ed.), 254, *et seq.* We think the finding of the jury is the same as if they had found the defendant guilty as principal in the second degree, and as in misdemeanors there is no distinction of degrees, the verdict is substantially good for the whole crime charged.

In *Thornton* v. *Lucas*, at this term, we held that a verdict, unintelligible of itself, should be interpreted in the light of the issues and evidence in the case, and if therefrom its meaning is manifest, a judgment should be entered in accordance with the manifest intention of the jury. *Affirmed.*