CLARY *v.* BREYER *et al.*

(In Banc. May 31, 1943.)

[13 So. (2d) 633. No. 35309.]

Reily & Parker, of Meridian, for appellant.

614

Gilbert & Cameron, of Meridian, for appellee.

618

Argued orally by **Marion W. Riley**, for appellant, and by **C. B. Cameron**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellant was plaintiff in the trial court. She brought suit to recover damages arising out of an automobile collision, in which the respective drivers were Mrs. Clary and Mrs. Breyer. Plaintiff was awarded judgment for $750 and appeals, assigning certain errors in the instructions and in the exclusion of evidence, all of which were relevant to the amount of the verdict. There is no cross-appeal.

The husband of appellee was joined as defedant, but the trial court sustained defendant's motion to exclude the testimony as to his liability. This action is assigned as error.

The liability of the husband here is controlled by Dement v. Summer, 175 Miss. 290, 165 So. 791. There is

some intimation by counsel that Mrs. Breyer was engaged on the occasion in question upon some definite mission for the husband. However, the testimony shows no more than that the car was provided for the use of the family and was available for shopping by his wife. Her use at this time was pursuant to a household routine which, although known to the husband, may not be converted into an agency for him by the circumstance that groceries and other commodities so purchased would be available for his use as a member of the family. There was no express direction. To hold him liable would be to reinstate the "family purpose doctrine." There was no error here.

The next assignment involves the exclusion of testimony regarding the earning capacity of the plaintiff. At the time of the accident, she was employed at a local theater but the loss of wages there earned were not sought as a basis for recovery. She had formerly served as a trained nurse but had not engaged in such employment during the preceding four years. In the meantime, she had married and assumed the duties of housewife, supplementing these duties by the local employment above stated. Evidence was introduced over objection showing the usual bases for pay of nurses in that locality. It was further offered to show that although she had not been engaged in nursing for the past four years, it was her intention to go into training at a distant city to take courses in nursing in order to equip herself adequately. To this testimony, objection was sustained. We find no error here. The prospective earnings as a trained nurse after such training involve too many speculative factors to afford a satisfactory and acceptable gauge. A thwarted intent to qualify for services is not available as a basis for computing either the extent to which such intent might have matured into efficiency nor the extent to which such acquired efficiency would be impaired by present disabilities. Moreover, plaintiff procured an instruction which allowed the jury to include as damages "any impairment of the plaintiff's earning capacity."

The granting of the following instruction to the defendant is next assigned as error: "The Court charges the jury for the defendant, Mrs. Alice Breyer, that if you believe from the testimony in this case that the plaintiff, Mrs. Clary, and the defendant, Mrs. Alice Breyer, both were guilty of negligence, as defined in these instructions, at the time of the accident, proximately causing the same or proximately contributing to the cause of said accident, and the jury should return any verdict for the plaintiff, then under their oaths, the jury must lessen any damages, if any, awarded the plaintiff to the amount of negligence attributable to Mrs. Clary."

This instruction was inartificially drawn and would better have followed the unambiguous language of the statute, Code 1930, Section 511. We do not hold that its allowance was reversible error, but in view of the necessity for remanding the case, we find it appropriate to make this comment.

The last error assigned is the granting of the following instruction for the defendant: "The Court charges the jury for the defendant, Mrs. Alice Breyer, that if they believe from the testimony in this case that Dr. Royals treated the plaintiff as her physician for the injuries alleged to have been sustained by her in this case, and that the said Dr. Royals was available as a witness in her behalf, and she failed to introduce him as such witness, then the presumption is that his testimony would have been adverse to the plaintiff."

While it is the opinion of the writer that this instruction not only violates Code 1930, Section 586, and is in a form which exceeds even the bounds to which similar instructions were extended in Killings v. Metropolitan Life Ins. Co., 187 Miss. 265, 192 So. 577, 131 A. L. R. 684, our decision is based upon other grounds. During the examination of plaintiff, she was asked whether she was willing for any of the doctors who examined her to testify, to which she gave an affirmative answer. Dr. Royals was one of such physicians, and he was not called as a

witness by the plaintiff. Such offer by the plaintiff constituted a waiver of the privilege accorded by Code 1930, Section 1536. In so holding, however, we have taken into consideration certain factors which, if absent, could well lead to a different conclusion. These factors here are the fact that the offer was made during the testimony of plaintiff and before the taking of testimony in the case had reached the half-way mark; the absence of any showing that Dr. Royals, who was a local physician, was not reasonably available and that his attendance could not have been procured without unreasonable delay or discomfiture to the court. We therefore emphasize that there is no technical potency on a mere formal offer which of itself operates conclusively to shield plaintiff against adverse inferences or to impose upon the defendant procedural disadvantages. Both the sincerity of the tender and its legal efficacy must remain in direct ratio to the feasibility of compliance. In view of our conclusion that the privilege was here effectively waived, the foregoing instruction was for such reason erroneous.

Since the above errors are relevant to the issue of damages and the cause must be remanded, there is no occasion to consider the assignment relating to the alleged inadequacy of the verdict.

Reversed and remanded for trial upon the issue of damages only.