GATLIN *v.* ALLEN.

(In Banc.   January 12, 1948.)

[33 So. (2d) 304.   No. 36627.]

Welch, Cooper & Welch and Grover C. Doggette, all of Laurel, for appellant.

Collins & Collins, of Laurel, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Allen was employed by Gatlin as driver of a logging truck. As the result of allegedly defective brakes, he suffered personal injuries, on account of which he brought

suit and recovered judgment in the sum of $5,000. Gatlin appeals, assigning as error, (1) denial of motion for a new trial, (2) refusal to grant an instruction, and (3) denial of motion for new trial on the ground that the verdict was excessive.

Allen was driving the truck in the master's business and upon his orders, and at a rate of about thirty miles an hour. He was traveling upon a graveled road, and when the front wheels struck a depression in the highway the car swerved to the right, struck and severed a telephone post, causing a wreck, and resulting in the death of a fellow servant, serious injuries to appellee, and slight personal hurt to a third servant. It is alleged that the sudden deflection in the course of the truck resulted from defective brakes, which caused the right front wheel to become locked, and that this danger was augmented by the fact that this wheel and tire were of a smaller size than those on the left front. Testimony for the plaintiff disclosed that this truck had figured in prior wrecks, one of which resulted in the death of a driver, and that the truck, when reconstructed, was equipped with a smaller frame or chassis than that called for by its original design. It was further shown that both the plaintiff and a former driver had reported and complained of these defects, both to the woods foreman and to the employer. That this testimony was exposed to some contradiction in nowise alters the fact that it was thus made available to the jury in resolving all conflicts, and that if accepted, as the verdict indicates, it was sufficient to justify a finding of liability.

The first assignment of error relates to the defendant's motion for a new trial based upon the discovery that the testimony of plaintiff's physician, Dr. Shackleford, had unexpectedly been made available to the defendant, by the plaintiff's wavier of privilege made during the trial. The proposed testimony of Dr. Shackleford was set out and sworn to by defendant's counsel, but not the witness.

The testimony, thus alleged to be newly discovered, was directed solely to the quantum of damages.

The facts relevant to a discussion of this assignment, as well as the second assignment, are as follows: After the plaintiff had rested his case, the following colloquy between counsel took place in the presence of the court:

By Plaintiff's Counsel: "If the Court please, we want to state this in the record, that the plaintiff waives the privileges of medical testimony and consents to the defendant using any medical testimony that it may desire in this case."

By Defendant's Counsel: "Comes the defendant and moves the Court to exclude the evidence and direct a verdict for the defendant."

By Defendant's Counsel: "Mr. Collins, a moment ago, waived the privileged communications as to the doctor testifying. We had no notice of the waiver of the privileged communication, but after the waiver, we tried to get Dr. Shackleford here and found out he was out of town."

By Plaintiff's Counsel: "That was what we found out, was the reason we didn't put him on the stand."

By Defendant's Counsel: "We could have gotten him yesterday if you had told us about it."

There was no motion for continuance or for reasonable delay. The record shows no subpoena was requested for, or served upon, the physician. The fact clearly appears that he was out of town at the time of the purported waiver. Assuming that the motion upon such ground was sufficient in form and substance, we feel that the discretion of the trial judge was not abused in denying same.

To meet the sudden availability of this otherwise privileged testimony, as well as to offset defendant's discomfiture at his inability to exploit this advantage because of the doctor's absence, the defendant requested and was refused, the following instruction: "The Court instructs the jury for the defendant that under the law this defendant could not introduce Dr. Shackleford to testify to

the injury of the plaintiff. The failure of the plaintiff to call Dr. Shackleford as a witness raises the presumption that if Dr. Shackleford were offered to testify by the plaintiff, that his testimony would be hurtful or harmful to the plaintiff's case.''

This instruction was obviously sought under the authority of Killings v. Metropolitan Life Ins. Co., 187 Miss. 265, 192 So. 577, 131 A. L. R. 684, which will be later discussed.

It is evident that before we could properly consider such instruction, we must examine whether by an effectual waiver the testimony of the physician was made presently available to the defendant. Clary v. Breyer, 194 Miss. 612, 13 So. (2d) 633. In the cited case, it was made clear that an effectual waiver must make reasonably and readily available not only the testimony but the physical presence of the attending physician. Surely a mere gesture of consent must rise above that which is only theatrical, whereby a token privilege is tendered to a defendant who is, to the knowledge of plaintiff, unable to avail of it. Such maneuver would shield the patient against any inferences deducible from a failure to call an important witness available only to him, and merely unseal the lips of a physician whose voice could not be heard. We find, therefore, that the record presents a case falling within the exception mentioned in Clary v. Breyer, supra, and that the defendant was entitled to a proper instruction upon the plaintiff's failure to call his physician.

However, the requested instruction was not a proper one. It transcends the bounds to which the rule against instructions upon this point was extended in the Killings case. It is true that the language in the discussive portions of the opinion went beyond the language of the instruction there involved. The disadvantages to which the defendant is put by our privileged communications statute, Code 1942, Sec. 1697, are for the reasons set forth in the Killings case, adequately offset by a relaxation which admits only of reasonable inferences. To state

that a patient's failure to call his physician 'raises the presumption' that the doctor's testimony would be harmful to plaintiff's case, is to stamp such circumstance with a judicial sanction and endow it with a legal status that raises it above its mere availability as factual material for logical reasoning. Compare discussion and cited cases, Miss. Law Journal, Vol. XVII, p. 1, 8.

At the conclusion of the trial, defendant filed a supplemental motion for a new trial upon the ground that he had discovered the availability of the witness, Milton Evans, and for the first time became aware of the nature of his testimony. The motion was supported by the affidavit of the proposed witness which set out that at the time of the accident he was riding in the truck with plaintiff; that the latter was driving with one hand on the steering wheel and employing the other to sound a whistle by grounding a wire to the frame of the truck.

An instruction was given in behalf of the defendant to the effect that plaintiff was guilty of contributory negligence. In view of this instruction and the further fact that the absent witness was beyond the jurisdiction of the court at the time of the trial, and had theretofore been an employee of appellant, and known to him as one of its servants engaged in his business upon the truck at the time of the accident, the trial court was within its discretion in weighing the measure of defendant's required diligence, as well as the quality and sufficiency of the proposed testimony.

We shall not detail the elements of appellee's damage. The verdict is large, but we are unable to say that it is grossly excessive.

Affirmed.