CRAIGHEAD, etc. *v.* OPERATING CAB Co., et al.

March 15, 1954

No. 39159          57 Adv. S. 1          70 So. 2d 878

, *Nate S. Williamson*, Meridian, for appellant.

*Snow & Covington*, Meridian, for appellees.

Lee, J.

Bobby Ray Craighead, by his mother as next friend, sued Operating Cab Company and others to recover dam-

ages for personal injuries, which resulted from the collision of a motor bike, on which he was riding, with a taxicab of the defendants. There was a verdict for the defendants, and from the judgment entered thereon, he appealed.

The collision occurred at the intersection of 5th Street and 24th Avenue in the City of Meridian.

The testimony of the plaintiff was to this effect: He was traveling west on 5th Street at a speed of eight to twelve miles an hour, and was approaching the intersection with 24th Avenue. The taxicab, traveling south on 24th Avenue, approached the same intersection. It was being driven several times as fast as the motor bike, and gave no signal of any kind. Craighead, thinking he could cross ahead of the taxicab, entered the intersection. But, the taxicab came on forward. At this juncture, Craighead applied his brakes, slid, and came to a stop, but the taxicab struck him.

On the contrary, E. G. Fleming, the driver of the taxicab, and James E. Nichols, a passenger therein, testified to the following effect: They stopped at the intersection, on the righthand side of the avenue, to avoid a car which turned north off 5th Street into the avenue. After giving the signal for a left turn, they moved forward and stopped about four feet across the walkway, carefully watching for traffic. They then observed the motor bike, about 65 to 70 feet to the east, headed directly toward them and the intersection. As the driver of the motor bike did not appear to be looking in their direction, they did not go forward or move. The motor bike was running so fast that Fleming did not have time to blow his horn. When the boy got within a few feet of the taxicab, although there was ample space to pass on either side, he threw out his hand, and his motor bike struck the left front end of the taxicab.

Evidence as to the physical facts was as follows: The motor bike skidded between six and nine feet, but there

were no car skids. One witness testified that the skid marks extended under or slightly behind the front wheels of the taxicab. Another witness testified that the marks started seven steps from the northeast corner of the intersection, and that the front part of the taxicab was a car length in a southeasterly direction from the skid marks.

■■ With such conflicting versions, it was the province of the jury to determine the truth of the matter. The jury obviously found that the plaintiff was not only guilty of negligence but that such negligence was the sole, proximate cause of the collision and his consequent injury. There was ample evidence to sustain such verdict, and it can not be disturbed.

■■ Appellant complains of that part of an instruction, given for the defendants, which informed the jury that "the plaintiff was required under the law to exercise every care and consideration which plaintiff in his declaration has charged as obligations owing by the defendants and the plaintiff was required to abide by the city ordinances to the same extent as were the defendants * * *". It may be conceded that the above quoted part of the instruction was incorrect and improper. However, the instruction did not stop at that point. It particularized the duties and obligations of the plaintiff further by saying "and in driving the motor bike which plaintiff was riding he was required under the law to keep a vigilant lookout for other vehicles using the streets, avenues and intersections and to use reasonable care to avoid colliding with such other vehicles and he was further required to keep his motorcycle under constant and reasonable control as he rode along 5th Street." When the instruction is considered in its entirety, we do not deem it to be so incorrect or improper as to warrant a reversal. Besides, the appellant obtained several instructions which clearly pointed out the applicable duties and obligations of the appellees.

Appellant also complains of an instruction for the defendants, which was bottomed on the failure of W. J. Anderson, Jr. to testify. It was shown that he treated the plaintiff immediately following the collision. The defendants offered the doctor as a witness, but the plaintiff objected, and the objection was, of course, sustained. The instruction in question detailed the facts and told the jury that, under such circumstances, it "is justified in inferring that his testimony would have been unfavorable to the plaintiff," and also "as stated above, his failure to do so (testify) justifies the jury in presuming that if Dr. Anderson had been introduced as a witness by plaintiff his testimony would be unfavorable to him." Under the facts in this case, the instruction was warranted by Beard v. Williams, 172 Miss. 880, 161 So. 2d 750; Robinson v. Haydel, 177 Miss. 233, 171 So. 7; Killings v. Metropolitan Life Insurance Company, 187 Miss. 265, 192 So. 577. The principle, which is applicable here, in no way conflicts with Clary v. Breyer, 194 Miss. 612, 13 So. 2d 633.

The cause is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Holmes, Arrington* and *Ethridge, JJ.,* concur.