GREYHOUND CORPORATION et al. *v.* KINDLE

No. 41758          April 10, 1961          128 So. 2d 567

*M. M. Roberts,* Hattiesburg, for appellants, The Greyhound Corporation and Cecil O. Strahan.

*Dudley W. Conner,* Hattiesburg, for appellants, W. J. Folkes and Robert J. Naylor.

*Frank D. Barber, Edward J. Currie, Sr., Edward J. Currie, Jr.,* Hattiesburg, for appellee.

ARRINGTON, J.

Appellee brought this action in the Circuit Court of Forrest County against the Greyhound Corporation and

the driver of its passenger bus, Cecil O. Strahan, and W. J. Folkes, owner of a stump truck, and Robert J. Naylor, the driver of the truck, to recover damages for personal injuries received by her as a result of a collision between the bus in which she was riding as a passenger and the stump truck. The jury returned a verdict in favor of the appellee in the amount of $40,000. From this judgment, all of the appellants appeal.

The collision occurred between the bus and the stump truck on April 29, 1959, at or near the intersection of U. S. Highway 11 and Highway 18 in the Town of Pachuta. The declaration alleged that Cecil O. Strahan, the driver of the bus, and Robert J. Naylor, the driver of the truck, were guilty of negligence in the operation of their vehicles and that as a result of their concurrent negligence at the intersection the collision and injuries to appellee resulted; that the truck operated by Naylor was heavily loaded with stumps and that as he approached the intersection on Highway 18 he caused the truck to be suddenly pulled to the left in order to avoid striking the bus, which had entered the intersection of Highway 18 and Highway 11 without stopping; that this caused the truck to turn over and the load of stumps collided and crushed the left side of the bus.

The bus company and its driver, on the one hand, and the owner of the stump truck and its driver on the other, have filed separate briefs in this cause, each contending that the other was responsible for the collision. Both requested peremptory instructions in the court below and were refused. Both argue here that the court was in error in refusing the requested peremptory instruction. We are of the opinion that the court correctly submitted this cause to the jury, which was a typical case of negligence for their determination. Section 1455, Mississippi Code of 1942, provides that "All questions of negligence and contributory negligence shall be for the jury to determine." We are of the opinion that the evi-

dence in this record amply supports the verdict of the jury.

All the appellants argue that the court erred in granting the appellee certain instructions. We have carefully examined all the instructions and find that when they are considered as one, the jury was furnished a correct and sufficient guide. The court was liberal in granting instructions to the appellants. Considering the large number of instructions together, we find no reversible error.

Both appellants argue that the verdict is excessive. Mrs. Kindle was 49 years of age at the time of the accident. The evidence shows that she had suffered from circulatory trouble for a period of 14 years and had been treated by her physician, Dr. Gable, who testified in the cause. The appellee received serious injuries as a result of the collision; she was knocked from the left side to the right side of the bus; she suffered injuries from the left side of her head to her left ankle; she received a comminuted fracture of her left collarbone; she was carried in an ambulance from Pachuta to the hospital in Hattiesburg, where she remained twenty days. Her physician, Dr. Gable, was called, and he in turn called Dr. Conn, a specialist, who operated on her shoulder for the fractured collarbone and inserted a metal pin in order to hold the pieces of bone together, which pin remained in her shoulder until July 17, 1959. Dr. Conn and Dr. Gable testified in the case. Dr. Conn testified that on the evening of the collision he went to the hospital to examine appellee and that she was suffering from a nervous condition and shock, so much so that he did not operate until five days later. The record reflects the pain and suffering she had undergone by her own testimony and also the testimony of the two doctors. According to Dr. Conn, she has lost twenty percent use of her left shoulder, and her prior condition was aggravated as a result of her injuries.

We have carefully considered the record in this case and are of the opinion that we would not be warranted in disturbing the amount of the verdict since we do not think it was grossly excessive as to evince bias, prejudice or passion on the part of the jury.

In McDonald v. Moore, 159 Miss. 326, 131 So. 824, the Court said: "As to the amount of the verdict, it appears to be rather small for the injury, but compensation for injuries on the facts shown in this record is peculiarly one for the jury's judgment, and unless the jury is warped by passion or prejudice and we can so see from the record, we cannot control their judgment upon this proposition. Juries are better calculated to know the extent of the injuries and the amount of damages than the appellate court. Their verdict here was sanctioned by the judgment of the trial judge, which is also entitled to weight and respect. We therefore find no error suffered by the appellant sufficient to warrant the reversal of her cause."

We find no reversible error in this record and it follows that the judgment of the trial court should be and is affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Rodgers, JJ.,* concur.