COOLEY and QUINN DRUG & CHEMICAL CO., INC. *v.* FILLYAW

No. 42002 November 6, 1961 134 So. 2d 153

 

*Odom, Odom & Pittman,* Greenwood, for appellants.

54

*J. W. Kellum,* Sumner, for appellee.

APPELLANTS IN REPLY.

Arrington, J.

The appellee, A. B. Fillyaw, plaintiff below, sued E. D. Cooley and Quinn Drug & Chemical Company, Inc., in

the Circuit Court of Leflore County for damages as the result of personal injuries received in a collision between his truck and a pickup truck owned by the Drug Company and operated by Cooley. There was a verdict and judgment for appellee in the amount of $25,000, from which judgment the defendant appeals.

The evidence shows that on May 12, 1959, the appellee was driving his truck on U. S. Highway 49E, which runs in a northerly and southerly direction, and that while traveling on the highway in a northerly direction approximately two miles south of Greenwood, Mississippi, the appellant Cooley, operating the truck of the Drug Company, was driving said truck in an easterly direction on a gravel road which runs from the Drug Company easterly to the U. S. Highway; that Cooley approached and entered the said intersection without stopping and was struck by the truck being operated by appellee.

The appellant Cooley testified that he stopped his truck 64 feet before entering the intersection of the highway and looked both ways and did not see anyone approaching. As a result of the collision, the appellee suffered injuries as follows: "Minimal compression fracture body C-5 apparently also fracture neural arch of this vertebra—probably the Lamina on the left." On the following day he entered the hospital where he remained for a period of 32 days. His doctor placed him in a plaster of paris cast for approximately 18 days and gave him other treatment. The record disclosed that the appellant later entered the hospital for a period of five days. The record also shows that the plaintiff suffered intense pain and discomfort as a result of his injuries; that it was necessary for him to wear a brace or plastic collar; that although the doctors testified there would be no permanent injuries, the appellee testified that he now suffers pain in his neck and back, has headaches and blackout spells; that as a result of his injuries he was

unable to work for a period of approximately one year, and has incurred hospital and medical expenses.

The appellant contends that the court erred in refusing to grant the appellants a peremptory instruction; that the verdict of the jury is contrary to the overwhelming weight of the evidence, and that the court erred in refusing to enter judgment for the appellants notwithstanding the verdict or to grant the defendant a new trial; that the court erred in granting the appellee certain instructions, and, lastly, that the verdict of the jury was so grossly excessive as to evince passion, prejudice and bias.

██ ■ We are of the opinion that the court correctly refused the requested peremptory instruction, and that the verdict of the jury is not contrary to the overwhelming weight of the evidence. The appellants' argument, in the main, is that the appellee received his injuries about fifteen minutes prior to the collision in the instant case when the truck he was operating slid off into a ditch at the garbage disposal plant. The evidence on this feature of the case was sharply conflicting. It is also contended that the testimony of the appellee was insufficient to support the verdict. As stated before, there were many contradictions and the evidence was sharply conflicting, however, this was a matter for the determination of the jury. Schumpert v. Watson (Miss.), 129 So. 2d 627.

We have carefully examined the instructions objected to and find that when they are taken into consideration with the other instructions granted the appellant, the jury was furnished a correct guide and they are not erroneous. Stewart v. Madden, 233 Miss. 206, 101 So. 2d 353.

██ ■ We are of the opinion that the appellants' assignment that the verdict in this case is so large as to evince passion and prejudice on the part of the jury is well taken. We are always reluctant to disturb a jury's

finding of the amount of damages for personal injuries, however, in this case we have reached the conclusion that the verdict for $25,000 is excessive. If the appellee will enter a remittitur for $7,000, the judgment will be affirmed in the amount of $18,000, otherwise it will be reversed and remanded for a new trial on the issue of damages only.

Affirmed with remittitur.

*Lee, P. J.,* and *McElroy, Rodgers* and *Jones, JJ.,* concur.