GASKIN *v.* DAVIS, et al.

No. 42572          February 18, 1963          149 So. 2d 850

*Adams, Long & Adams,* Tupelo; *Cumbest & Cumbest,* Pascagoula, for appellant.

*B. F. Worsham, Stovall & Price,* Corinth, for appellees, Charles Murray Malone and Worsham Brothers Construction Company.

*Mitchell, McNutt & Bush,* Tupelo, for appellee, J. Barney Davis.

ARRINGTON, J.

Mrs. Ora Gaskin, plaintiff in the court below and appellant here, filed suit for personal injuries in the Circuit Court of Lee County against J. Barney Davis, Chas. Malone, and Worsham Bros. Construction Company, for injuries sustained in a collision between the appellant's automobile and J. Barney Davis' truck at the intersection of Highway Nos. 15 and 32 in Chickasaw County, Mississippi. From a verdict for the defendants, appellant appeals.

The record discloses that this accident occurred August 14, 1957, at the intersection of Highways 15, running north and south, and 32, a gravel road leading west to Houlka, a distance of approximately five miles. Worsham Bros. were paving this highway from the intersection with Highway 15 west to Houlka. Appellee Davis was employed by the construction company and was driving his own truck while hauling dirt on this particular job; appellee Malone was employed by the construction company as a flagman and was standing in the southeast corner of the intersection when the wreck occurred.

The evidence shows that the appellant, Mrs. Gaskin, was traveling south on State Highway 15, and, according to her testimony, she knew the construction work was going on at the intersection. While traveling south she saw the highway sign, "Slow to 40," and immediately reduced her speed to 40 miles an hour approximately 1000 feet north of the intersection. She continued the 40 mile speed going into the intersection where the wreck occurred. The evidence shows that there was a sign approximately 750 feet north of the intersection which read, "Danger Construction Ahead," and nearer the intersection was the Highway Department's sign

indicating an intersection. Her testimony was that she did not see these two latter signs, did not see appellee Malone, the flagman, until she was within 40 or 50 feet of the intersection, and did not see the truck until she was within 20 or 30 feet of it.

The appellees' testimony was that appellant was traveling at a speed of 65 to 70 miles an hour and that she was not keeping a proper lookout.

(Hn 1) Appellant first argues that the court erred in denying the motion for a new trial on the ground that the verdict was against the overwhelming weight of the evidence. We are of the opinion that this assignment is not well taken. The testimony in the case was sharply conflicting and there were many contradictions as to the proximate cause of the accident. The appellant argues that the appellee Davis' testimony is not worthy of belief. However, (Hn 2) this was peculiarly a matter for the determination of the jury. Schumpert v. Watson, 241 Miss. 199, 129 So. 2d 627. Sec. 1455, Miss. Code 1942, provides that "all questions of negligence and contributory negligence shall be for the jury to determine."

(Hn 3) The appellant next argues that the court erred in refusing the appellant's requested instruction for a peremptory on the issue of liability. We find no merit in this assignment. As heretofore stated, the evidence was conflicting and this was a case for the determination of the jury. It is settled law in this State that the jury is the judge of the weight and worth of the evidence, and unless the verdict is manifestly erroneous or it is apparent that the jury was actuated by passion, prejudice or corruption, the verdict of the jury on an issue of fact will be sustained. Faulkner v. Middleton, 186 Miss. 355, 188 So. 566.

The appellant's remaining assignments of error pertain to the granting and refusal of certain instructions. We have carefully examined all the instructions granted and refused the parties and we find no reversible error

therein. Taking all of the given instructions and considering them as one, the jury was furnished a correct and sufficient guide. Greyhound Corp., et al v. Kindle, 128 So. 2d 567.

We are of the opinion that the judgment in this case is supported by substantial evidence and should be and it is affirmed.

Affirmed.

*Lee, P.J., and Kyle, Ethridge and Rodgers, JJ.,* concur.