756 So.2d 12 (1999)
Herbert COLES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00654-COA.
Court of Appeals of Mississippi.
May 4, 1999.
Rehearing Denied August 10, 1999.
Certiorari Denied November 18, 1999.
J. Brice Kerr, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
EN BANC.
KING, P.J., for the Court:
¶ 1. Herbert Coles was convicted of murder and three counts of aggravated assault in the Jackson County Circuit Court. He was sentenced to serve a term of life imprisonment on the murder charge and a twenty year term on each count of aggravated assault in the custody of the Mississippi Department of Corrections. Aggrieved by his convictions and sentences, Coles has appealed and assigned three points of error:

I. WHETHER THE FORMS OF THE VERDICTS WERE SO INDEFINITE, CONFUSING AND/OR INDECIPHERABLE AS TO REQUIRE REVERSAL.

*13 II. WHETHER THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE PHOTOGRAPHS OF THE BODY OF THE DECEASED VICTIM, STATE'S EXHIBITS 10 AND 25.
III. WHETHER THE TRIAL COURT ERRED IN REFUSING DEFENDANT'S "ONE JUROR" INSTRUCTION D-5.
¶ 2. Finding no error, this Court affirms the circuit court judgment.

FACTS
¶ 3. On January 25, 1995, Joycelyn Coles (Mrs. Coles), Coles's wife, spent the evening at her mother's home in Moss Point, Mississippi. Ms. Joycelyn Pittman (Ms. Pittman), Mrs. Coles's mother, and Melinda and Carl Cox, Mrs. Coles's sister and brother, were also present. At approximately 4:30 a.m. the next morning, Coles entered the home carrying a gun. According to Melinda, after hearing him come into the house, she got up from the bed and stood in the doorway of her bedroom. Because mirrors lined a hallway near her bedroom, she could see Coles walk into the kitchen and then attempt to walk down the hallway to Ms. Pittman's bedroom. At this point, Melinda ran into her mother's bedroom and awoke her. Mrs. Coles, who was sleeping in the same bed as Ms. Pittman, was also awakened.
¶ 4. Coles entered Ms. Pittman's bedroom. Ms. Pittman asked him to leave, but Coles stated that he wanted to talk to Mrs. Coles. Ms. Pittman tried to call the police on her telephone in the bedroom, but did not get a dial tone. She instructed Melinda to check the telephone in the kitchen to determine whether that receiver was off the hook.
¶ 5. Coles and Mrs. Coles followed Melinda into the kitchen. Melinda tried to hang up the telephone receiver, but Coles obstructed her efforts to do so. At some point, Melinda succeeded in hanging up the telephone, and Ms. Pittman placed a call to the police.
¶ 6. Melinda walked back down the hallway to her bedroom. As she turned to look down the hall, Coles shot her in the chest. Melinda crawled into the bathroom.
¶ 7. While in the kitchen, Coles shot Mrs. Coles in the back of the neck. He walked down the hallway into the bathroom where he again shot Melinda. Coles then shot Ms. Pittman and Carl in their bedrooms. After having shot everyone in the house, Coles left on foot. Approximately thirty or forty minutes later, he was arrested near his mother's house located two miles away.
¶ 8. It was later determined that Ms. Pittman, Melinda and Carl had suffered gunshot wounds. Mrs. Coles died as a result of her gunshot injury.
¶ 9. Coles was subsequently charged with the murder of his wife and three counts of aggravated assault against his inlaws. He went to trial, and the jury convicted him of all charges. Coles was sentenced to serve a term of life imprisonment on the murder charge, and twenty year terms on the charges of aggravated assault. His motion for directed verdict, or in the alternative a new trial having been denied, he now appeals his convictions and sentences.

ISSUES

I. WHETHER THE FORMS OF THE VERDICTS WERE SO INDEFINITE, CONFUSING AND/OR INDECIPHERABLE AS TO REQUIRE REVERSAL.
¶ 10. In his first assignment of error, Coles contends that the jury verdicts on aggravated assault were unclear and undecipherable, and therefore require reversal.
The jury verdicts read as follows:
COUNT II: "We the jury find the defendant guilty of Agg Assult [sic]of Joycelyn Pittman"
COUNT III: "We the jury find the defendant guilty of Agg Assult [sic] upon Melinda Cox"
COUNT IV: "We the jury find the defendant guilty of Avd Assult [sic] upon Carl Angelo Cox"

*14 Law

¶ 11. "No special form of verdict is required, and where there has been a substantial compliance with the requirements of the law in rendering a verdict, a judgment shall not be arrested or reversed for mere want of form therein." Miss.Code Ann. § 11-7-157 (1972).
¶ 12. "[T]he basic test with reference to whether or not a verdict is sufficient as to form is whether or not it is an intelligent answer to the issues submitted to the jury and expressed so that the intent of the jury can be understood by the court." Miss. Valley Gas Co. v. Estate of Walker, 725 So.2d 139, 151 (Miss.1998); Harrison v. Smith, 379 So.2d 517, 519 (Miss.1980) (quoting Henson Ford, Inc. v. Crews, 249 Miss. 45, 160 So.2d 81, 85 (1964)).

Analysis
¶ 13. It appears that the abbreviations of "Agg" and "Avd" and the misspelling, "Assult" which were written on the verdict forms were intended by the jury to convey the words aggravated assault. Considering that the jury was polled and all jurors were unanimous in their verdicts of guilty of aggravated assault against Ms. Pittman, and Melinda and Carl Cox, this Court does not find that the verdicts should be reversed for mere want of form.

II. WHETHER THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE PHOTOGRAPHS OF THE BODY OF THE DECEASED VICTIM, STATE'S EXHIBITS 10 AND 25.
¶ 14. In his second assignment of error, Coles contends that the photographs of his ex-wife at the murder scene and after the autopsy were gruesome and merely inflamed the passion and prejudice of the jury.

Law and Analysis
¶ 15. "It is well settled in this state that the admission of photographs is a matter left to the sound discretion of the trial judge and that his decision favoring admissibility will not be disturbed absent a clear abuse of that judicial discretion.... A photograph, even if gruesome, grisly, unpleasant, or even inflammatory, may still be admissible if it has probative value and its introduction into evidence serves a meaningful evidentiary purpose." Hart v. State, 637 So.2d 1329, 1335 (Miss.1994).
¶ 16. Although Dr. Paul McGarry, a forensic pathologist, testified at trial regarding Mrs. Coles's gunshot injuries, a review of the photographs reveals that they had additional probative value. The trial judge did not abuse his discretion by admitting the photographs into evidence.

III. WHETHER THE TRIAL COURT ERRED IN REFUSING DEFENDANT'S "ONE JUROR" INSTRUCTION D-5.
¶ 17. In his last assignment of error, Coles contends that the trial court erred in failing to grant defense Jury Instruction D-5. This instruction read as follows:
¶ 18. "The Court instructs the Jury that each one of you has a duty in this case to decide the issues for yourself. After considering the evidence and the instructions and after fair consultation with your fellow jurors, if any one of you has a reasonable doubt of Herbert Coles's guilt, it is your duty not to change your vote merely to agree with your fellow jurors but to favor a verdict of not guilty so long as you believe that there is reasonable doubt."

Law and Analysis
¶ 19. The trial judge denied Coles's Instruction D-5. He determined that the language included in this instruction was adequately presented in the last paragraph of the Court's Instruction C-1. In pertinent part, Instruction C-1 read as follows:
¶ 20. "The verdict of the jury must represent the considered judgment of each juror. In order to return a verdict it will be necessary that each juror agree thereto. In other words, all twelve jurors must agree on any verdict in this case. It is your duty as jurors to consult with one another and to deliberate in view of reaching *15 an agreement if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberation, do not hesitate to reexamine your own views and change your opinion if convinced that [it] is erroneous, but do not surrender your honest convictions as to the weight or affect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict."
¶ 21. This Court will not reverse for denial of an individual instruction when the jury has been instructed properly and fully by the instructions considered as a whole. Catchings v. State, 684 So.2d 591, 599 (Miss.1996). We find that the substance of Instruction D-5 was adequately covered by Instruction C-1.
¶ 22. Finding no error in the instant case, this Court affirms the circuit court judgment.
¶ 23. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT OF CONVICTIONS OF MURDER AND THREE COUNTS OF AGGRAVATED ASSAULT AND SENTENCES OF LIFE IMPRISONMENT AND TWENTY YEARS FOR EACH COUNT, RESPECTIVELY, TO BE SERVED CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY RESTITUTION ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.