## WILSON *v.* STATE.

(In Banc.   Oct. 9, 1944.)

[19 So. (2d) 475.   No. 35678.]

**J. V. Gipson** and **C. D. Shields,** both of Meridian, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

20

**Griffith, J.,** delivered the opinion of the Court.

Appellant argues three assignments, the first two of which are that the verdict was insufficient to support a judgment of guilty, and that the court erred in entering judgment on the verdict. The verdict of the jury was in the following words: "We the jury agree that the defendant is guilty as charged."

The general rule, as found in the texts, is that ordinarily the verdict is sufficient in form if it expresses the intent of the jury so that the court can understand it, 22 Eng. Pl. & Pr., p. 891; or that the test of the validity of a verdict is whether or not it is an intelligible answer to the issues submitted to the jury, 64 C. J., p. 1067. In Benedict v. State, 14 Wis. 423, the verdict in a murder case was: "The jury after deliberation agree that the said Samuel S. Benedict is guilty." We quote, with approval, what the court said on page 428 of 14 Wis.:

"The verdict is sufficient in form. It cannot be that the law is so excessively exact in such matters that it makes a particular word so indispensable that another equally expressive cannot be used in its stead. The word 'find' is more commonly used, but the word 'agree,' where employed with reference to the verdict of a jury, particularly in criminal cases, means precisely the same thing. Both signify that the jury, upon consideration of the evidence, have determined that the accused is guilty or not guilty of the crime charged. The word 'agree' is almost invariably used when the jury are addressed upon the subject of their verdict. Mr Chitty says (1 Chitty's Crim. Law, 635), that when the jury have come to a unanimous determination with respect to their verdict and return to the box to deliver it, the clerk then calls them

over by their names and asks them whether they agree on their verdict; and it certainly cannot be a bad answer, if they reply that they do agree, and state what that agreement is."

The third assignment has been examined and we are of the opinion that for either of two reasons it is not well taken. It would not serve any useful purpose to enter upon a discussion of them.

Affirmed.