ISHEE, J.,
for the Court:
¶ 1. Nina H. McGhee was employed as a teacher with the Newton Municipal School District from 2011 through 2012. In January 2012, she applied to participate in a leadership program called the Mississippi Alternative Path to Quality School Leadership Program (MAP). MAP would allow her to obtain an administrator’s license. In order to apply, she was required to procure consent from her school-district superintendent, Dr. Virginia Young, as well as a letter of recommendation from Young. Young complied. However, in April 2012, McGhee was notified in a letter signed by Young that the school district would not renew her teaching contract for the 2012-2013 school year. A few days later, McGhee was informed of her acceptance into MAP, which was to begin in the summer of 2012. Since being employed in a Mississippi school system was a requirement for MAP, McGhee was unable to participate in the program due to the non-renewal of her teaching contract. She also had no recourse to challenge the school district’s non-renewal of the contract since she was a first-year teacher. McGhee subsequently filed suit against Young, claiming breach of contract. Young filed a motion for summary judgment, claiming a contract never existed. The Newton County Circuit Court agreed and dismissed the case. Aggrieved, McGhee now appeals. Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. McGhee was employed as a first-year teacher in the school district from 2011 through 2012. During that time, she applied to MAP. MAP was a training program for teachers who wished to gain an administrative license offered by the Mississippi Department of Education and the Mississippi Community College Foundation. One of MAP’s requirements for all participants was that each participant be employed in a Mississippi school system while partaking in the program.
¶ 3. As part of the application process, the superintendent of the applicant’s school district was required to sign the application and write a letter of recommendation on the applicant’s behalf. The superintendent was also required to state in the recommendation letter that he or she agreed to provide a one-year internship for the applicant in an administrative capacity at a successful school in their district. Young signed McGhee’s application and wrote a letter of recommendation on her behalf to accompany the application. In the letter, Young agreed that if McGhee were chosen to participate in MAP, she would afford her the necessary one-year internship in the school district.
¶4. McGhee submitted the application on January 20, 2012. However, on April 5, 2012, she received a letter from the school district, signed by Young, stating that *261 McGhee would not be offered a teaching contract for the next school year. Since she was a first-year teacher, she was not entitled to a hearing on the matter.
¶ 5. Six days later, McGhee was notified by written letter that she had been chosen for MAP. The letter informed McGhee that in addition to paying the program’s fee of $2,150, she would be required to complete the MAP summer session, as well as the one-year internship. The letter stated that upon completion, she would be eligible to apply for a five-year program to receive an entry-level administrator license. Nonetheless, since McGhee was no longer employed in a Mississippi school system, she was not eligible for MAP.
¶ 6. On July 28, 2012, McGhee filed a petition for a writ of mandamus in the circuit court against Young alleging that the school district had made a contract with McGhee for the 2012-2013 school year by way of Young’s signature on the application and letter of recommendation. McGhee requested that the circuit court force the school district to honor the contract. Alternatively, McGhee claimed that the school district had breached its contract with her, and demanded damages of $50,000. She contended this was the salary she would have made as a teacher and assistant principal in the school district for the 2012-2013 school year. Young responded by filing a motion to dismiss the petition for a writ of mandamus since the petition did not meet the basic requirements for issuance of such a writ. The circuit court agreed with Young and dismissed the petition for a writ of mandamus, but did not dismiss McGhee’s claim for damages.
¶ 7. Both McGhee and Young then filed motions for summary judgment. McGhee asserted that Young had breached their contract. Young claimed a contract never existed between Young or the school district and McGhee. Subsequently, McGhee asserted that she was a third-party beneficiary to a contract that existed between MAP and Young by way of Young’s signature on the MAP application and her letter of recommendation. After a hearing on the matter, the circuit court granted Young’s motion for summary judgment and dismissed the case with prejudice.
DISCUSSION
¶ 8. On appeal, McGhee appears to reiterate her most recent claim that a third-party contract existed between Young and MAP, of which she was a third-party beneficiary. McGhee asserts that Young breached this alleged contract. McGhee, acting pro se, provides the following as the entirety of her argument:
Dr. Virginia Young breached a third[-]party contract that she signed that would permit Mrs. Nina H. McGhee to work as an assistant principal in the Newton Municipal School District for the 2012-2013 school term. Instead, Dr. Young non-renewed Mrs. McGhee for the 2012-2013 school term.
Mississippi public school superintendents are financially bonded in the amount of $100,000 for any legal damages that one may incur (Miss.Code of 1972 Ann. 37-9-27). In addition, these individual are provisioned to implement school board decisions in regards to licensed employees and given the power to make temporary appointments for the general duties of given school districts (Miss.Code of 1972 Ann. 37-9-14).
¶ 9. McGhee fails to address any portion of her claim that a contract existed and was breached. The Mississippi Rules of Appellate Procedure mandate that a party cite authority in support of any argument raised on appeal. M.R.A.P. 28(a)(6). “Failure to provide authority for an assign *262 ment of error operates as a procedural bar, and this Court will consider those unsupported issues to be abandoned.” Little v. Norman, 119 So.3d 382, 386 (¶ 14) (Miss.Ct.App.2013) (citation omitted). Nonetheless, “we will not discard a meritorious complaint simply because it is inart-fully drafted.” Id. (citation omitted). “But we have also held that pro se parties should be held to the same rules of procedure and substantive law as represented parties.” Id. (citation omitted).
¶ 10. Here, McGhee’s argument on appeal is more than merely “inartfully drafted.” Rather, it is completely lacking authority or reasoned support. Accordingly, a procedural bar arises as to McGhee’s appeal. Procedural bar notwithstanding, we would still find that the circuit court did not err in granting summary judgment.
¶ 11. The Mississippi Supreme Court has held that an appellate court “reviews a trial court’s grant or denial of a motion for summary judgment or a motion to dismiss under a de novo standard.” Copiah Cnty. v. Oliver, 51 So.3d 205, 207 (¶ 7) (Miss.2011) (citation omitted). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995) (citation omitted) (quoting M.R.C.P. 56(c)).
¶ 12. The most basic elements of an enforceable contract are an offer and an acceptance. Stovall v. Hayes, 984 So.2d 1079, 1081 (¶ 12) (Miss.Ct.App.2008) (citation omitted). Additionally, to be valid, a contract requires: “(1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation.” Adams Cmty. Care Ctr., LLC v. Reed, 37 So.3d 1155, 1158 (¶ 7) (Miss.2010) (citation omitted).
¶ 13. In the present case, the requisite elements of a contract were not present. McGhee’s arguments are convoluted as to what she asserts constituted the official offer of employment. Initially, McGhee claimed that the school district made the offer in the form of the one-year internship by way of Young’s letter of recommendation and her signature on the MAP application. However, later she asserted that the MAP letter to her informing her of her acceptance into the program constituted an offer of employment due to the one-year internship.
¶ 14. Even if one of these actions constituted an offer, which McGhee accepted, the other prerequisites for a valid contract were not present. Most notably, there was no mutual assent to the offer. Given the school district’s termination of McGhee prior to MAP’s issuance of McGhee’s acceptance letter, there was clearly no assent on the part of Young or the school district. Furthermore, the record is silent as to any communication between Young and MAP other than Young’s signature on the MAP application and her recommendation letter. Even more remarkable than the lack of communication between Young and MAP is the lack of communication between Young and McGhee. There is no evidence in the record that Young ever promised McGhee, either verbally or in writing, the continued employment required by MAP. Young’s promise in her letter of recommendation to provide McGhee with a one-year internship if she were chosen by MAP would have been separate from any promise of continued employment had *263 there been one, which the record reflects there was not. Hence, a contract — third-party or otherwise — could not have existed between the present parties since they clearly failed to mutually assent to the terms. Accordingly, McGhee’s issues on appeal are meritless.
¶ 15. THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, AND FAIR, JJ„ CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.