# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01011-COA

MARLON LAVELLE OATIS A/K/A MARLIN OATIS A/K/A MARLON OATIS A/K/A MARLON L. OATIS

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/13/2013 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCED, AS A HABITUAL OFFENDER, TO FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION |
| DISPOSITION: | AFFIRMED - 09/09/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ROBERTS AND CARLTON, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.     Marlon Lavelle Oatis challenges the weight and sufficiency of the evidence that led to his May 15, 2013 conviction by a jury in the Harrison County Circuit Court. Additionally,

Oatis submits that the jury's general verdict, without designating whether he was guilty of "common law" driving under the influence (DUI) and/or "per se" DUI, is reversible error. For the reasons below, we find the issues raised in Oatis's appeal to be without merit, and we affirm his conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2. In March 2011, Oatis was charged, as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007), on two counts: DUI in violation of Mississippi Code Annotated section 63-11-30(1)(a) (Rev. 2013) and DUI in violation of Mississippi Code Annotated section 63-11-30(1)(c) (Rev. 2013). His habitual-offender status was based upon three prior felony DUI convictions. Additionally, as a result of his three prior DUI convictions, he was charged under Mississippi Code Annotated section 63-11-30(2)(c) (Rev. 2013), making the two counts in the present case felony DUIs. Oatis's jury trial began on May 14, 2013, and ended the following day, May 15, 2013. The events leading to his arrest, indictment, and conviction were presented through the following testimony and other evidence at his trial.

¶3. According to his testimony at trial, Officer Steven Ramsey was working as a patrolman for the City of Gulfport on June 24, 2010, when he responded to a motor-vehicle accident at 1:20 a.m. Officer Ramsey arrived at the accident scene, where only one car was present. The occupants of the car said the other car involved was a black car driven by a black male, and he had continued driving southbound on 30th Avenue. Officer Ramsey continued driving southbound on 30th Avenue for approximately one block, when he located a black car with damage consistent with being in a recent accident. The black car was parked

2

in a gas-station parking lot with a black male, later identified as Oatis, sitting in the driver's seat behind the steering wheel. The black car was parked so close to a concrete wall that no one could enter or exit the black car from the passenger side. Officer Ramsey testified that he approached the driver's side and spoke to Oatis through a half-open window. He described Oatis's demeanor as stunned and angry. Officer Ramsey also stated that he smelled an intoxicating odor coming from the car, and Oatis told him he had consumed two twenty-four ounce high-gravity beers before driving. According to Officer Ramsey, Oatis could not exit the car because the concrete wall blocked the exit on the passenger side, and the door on the driver's side could not be opened due to damage from the accident. The fire department was later able to open the driver's side door, and Oatis was taken to the hospital after complaining about pain.

¶4.    Sergeant Brandon Clark of the Gulfport Police Department testified that during his interaction with Oatis, Oatis's demeanor ranged from calm to angry, irritated, and belligerent. Sergeant Clark also testified that he smelled an intoxicating odor coming from Oatis, as well as Oatis having slurred speech and bloodshot/glassy eyes. Oatis also informed Sergeant Clark that he was the one who had a green light at the intersection. Sergeant Clark did not conduct any field sobriety tests because Oatis complained of pain and was taken to the hospital via ambulance. Sergeant Clark did obtain a warrant to draw Oatis's blood for analysis, which Nurse Jeanne Torres at Memorial Hospital's emergency room did draw and turn over to the police department approximately an hour and a half after the accident. Lastly, over Oatis's objection, Sergeant Clark testified that Oatis was not safe to operate a car based on his level of intoxication.

3

¶5. Next, Mississippi Crime Lab forensic scientist Joe Ellington testified that he completed the crime-lab report and analyzed Oatis's blood samples using a head space gas chromatograph, and the result was a .20 blood-alcohol content (BAC). He could not testify as to Oatis's BAC at the time of the accident, only at the time it was drawn. Ellington stated that he did not calibrate the machine before testing because that is not the standard procedure and that he trusted his colleagues' calibrations. He testified that "[w]e all review the calibration data, and the calibration would not have been approved by a supervisor unless it was ok to run analysis." Additionally, after every ten vials tested, they run a control sample to monitor whether the instrument is working correctly.

¶6. Following the State's witnesses, Oatis moved for a directed verdict, which the circuit court did not grant. Oatis did not present any evidence or testify on his own behalf. The jury returned a verdict finding Oatis guilty of felony DUI. The circuit court sentenced Oatis to five years in the custody of the Mississippi Department of Corrections (MDOC) to be served day-for-day due to his habitual-offender status, with credit for time served. He was also ordered to complete the MDOC drug and alcohol treatment program.

¶7. Oatis filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict (JNOV). The circuit court overruled Oatis's motion, and Oatis filed the present appeal. On appeal, he submits that there was insufficient evidence to support the guilty verdict, that the verdict was against the overwhelming weight of the evidence, and that the jury's general verdict was insufficient because it is "uncertain upon which ground the jury's decision was based."

**STANDARDS OF REVIEW**

4

¶8. "The standard of review for a post-trial motion is abuse of discretion." *Dilworth v. State*, 909 So. 2d 731, 736 (¶17) (Miss. 2005) (citing *Howell v. State*, 860 So. 2d 704, 764 (¶212) (Miss. 2003)).

¶9. A motion for a new trial is a challenge to the weight of the evidence, and the verdict will only be disturbed when it is so contrary to the weight of the evidence that allowing it to stand would sanction an unconscionable injustice. *Bush v. State*, 895 So. 2d 836, 844 (¶18) (Miss. 2005) (citation omitted). When reviewing a challenge to the weight of the evidence, this Court views the evidence in a light most favorable to the verdict. *Id.*

¶10. However, a motion for a JNOV is a challenge to the sufficiency of the evidence, and this Court will view all evidence in the light most favorable to the State. *Id.* at 843 (¶16). "[T]he critical inquiry is whether the evidence shows 'beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test[,] it is insufficient to support a conviction.'" *Ivy v. State*, 949 So. 2d 748, 751 (¶15) (Miss. 2007) (quoting *Bush*, 895 So. 2d at 843 (¶16)).

¶11. Lastly, "the basic test with reference to whether or not a verdict is sufficient as to form is whether or not it is an intelligent answer to the issues submitted to the jury and expressed so that the intent of the jury can be understood by the court." *Coles v. State*, 756 So. 2d 12, 14 (¶12) (Miss. Ct. App. 2009) (citation omitted).

## ANALYSIS

### I. Sufficiency of the Evidence

#### a. Common-Law DUI

5

¶12.   Oatis first argues that there was not sufficient evidence to uphold the guilty verdict in regard to Count I of his indictment. Count I of his indictment charged him with violation of section 63-11-30(1)(a), also referred to as "common-law DUI." Section 63-11-30(1)(a) provides: "It is unlawful for any person to drive or otherwise operate a vehicle within this state who . . . is under the influence of intoxicating liquor[.]" "Common[-]law DUI is proven when . . . there is sufficient evidence to show that the defendant operated a motor vehicle under circumstances indicating his ability to operate the vehicle was impaired by the consumption of alcohol." *Jefferson v. State*, 138 So. 3d 263, 266 (¶11) (Miss. Ct. App. 2014) (quoting *Young v. State*, 119 So. 3d 309, 315 (¶19) (Miss. 2013)).

¶13.   Based on the evidence presented at trial, we find that there was sufficient evidence for a jury to find Oatis guilty of every element of common-law DUI. Officer Ramsey testified that he smelled an intoxicating odor coming for Oatis's car and that Oatis told him he had consumed two twenty-four-ounce high-gravity beers an hour before driving. Sergeant Clark testified that he also smelled an intoxicating odor from Oatis's car and that Oatis had slurred speech and bloodshot/glassy eyes. Both Officer Ramsey and Sergeant Clark testified that Oatis acted angrily and belligerently, at one point cursing loudly at them. Assuming Oatis was involved in the wreck, he then fled the scene and parked in a location where he could not get out of the vehicle on the passenger side due to a concrete wall, and he could not exit from the driver's side due to damage from the wreck. While neither Officer Ramsey nor Sergeant Clark observed Oatis driving the car, Oatis admitted that he had been in a wreck, but he claimed he had the green light. *See Holloway v. State*, 860 So. 2d 1244, 1246-47 (¶12) (Miss. Ct. App. 2003) ("A person may be arrested, tried, and convicted of operating

6

a motor vehicle while under the influence of an intoxicating liquor even if there is no eyewitness presented who viewed the defendant operating the vehicle, provided there is sufficient evidence.")

¶14. "It [is] within the jury's province to draw reasonable inferences from the evidence based on their experience and common sense." *Broomfield v. State*, 878 So. 2d 207, 215 (¶30) (Miss. Ct. App. 2004). Looking at the evidence presented at trial, a jury could reasonably find that Oatis had been driving his car while under the influence of alcohol.

¶15. This issue has no merit.

        b.     *Per Se DUI*

¶16. Oatis next argues that the evidence was insufficient to convict him of violating section 63-11-30(1)(c), which provides: "It is unlawful for any person to drive or otherwise operate a vehicle within this state who . . . has an alcohol concentration of eight one-hundredths percent (.08%) or more for persons who are above the legal age to purchase alcoholic beverages under state law[.]" According to Oatis, the State failed to prove this ground because it failed to show what his BAC was at the time he was driving, as opposed to an hour and a half later when his blood was actually drawn. Oatis also submits that the blood test was not performed on a properly calibrated machine; therefore, the results were insufficient for a jury to find him guilty.

¶17. Oatis's argument that the State failed to prove his BAC was over the legal limit at the time of the accident fails. This Court has stated that "[t]here is no requirement that the State must prove a defendant's exact BAC at the time of the incident, only that the defendant's BAC was equal to or above the legal limit." *Ludwig v. State*, 122 So. 3d 1229, 1234 (¶15)

(Miss. Ct. App. 2013). In *Smith v. State*, 942 So. 2d 308, 314 (¶¶13-14) (Miss. Ct. App. 2006), this Court held that a delay between the time of an accident and the taking of a blood sample, with no evidence of deliberate delay on the part of an arresting officer, would not render a blood sample inadmissible. This Court further elaborated by saying:

> Furthermore, we disagree with Smith's contention that in order for his BAC to be admissible, the State must prove what his BAC was at the time of the accident. The effect of such a ruling would be to virtually abrogate chapter 11 of the Mississippi Code, the implied consent laws. The repercussions of such a holding would warrant an exclusion from evidence of all blood[-]test results, obtained by virtue of a valid search warrant, based upon the assertion that the delay in acquiring the blood sample precludes the test results from assisting the jury in determining whether or not a defendant's BAC exceeded the legally permissible minimum level at the time of the accident.

*Id.* at (¶15).

¶18. Oatis's blood sample was taken approximately an hour and a half after the accident. Sergeant Clark testified that he obtained a warrant in order to have the blood sample taken. This action explains the delay between the time of the incident and the time Oatis's blood was drawn and shows no evidence of a deliberate delay. Based on the evidence presented at trial, a jury had sufficient evidence through Ellington's testimony that the test results showed Oatis's BAC to be .20. His argument on this issue is without merit.

¶19. Oatis's next contention is that the State failed to provide evidence that the head space gas chromatograph was properly calibrated. We note that the State did not provide calibration certificates, nor did Ellington testify that he was the person who calibrated the machine. However, Oatis did not object to Ellington's testimony regarding the test results, and he only objected to Ellington's report being admitted into evidence because it was cumulative of Ellington's testimony. Oatis did thoroughly cross-examine Ellington on the

8

machine's calibration, but the issue was never objected to or raised for the circuit court to decide in a motion in limine, during trial, or in a motion for a new trial.

¶20.    It is well settled that "[a] defendant is procedurally barred from raising an objection on appeal that is different than that raised at trial[,]" and "[a] trial judge will not be found in error on a matter not presented to him for decision." *McMurtry v. State*, 105 So. 3d 395, 399 (¶13) (Miss. Ct. App. 2012) (quoting *Jones v. State*, 606 So. 2d 1051, 1058 (Miss. 1992)). It follows that this issue is procedurally barred.

### II.    Weight of the Evidence

¶21.    While Oatis submits that the verdict was against the weight of the evidence, he presents no meaningful argument or citation to authority in support of this contention as required by Mississippi Rule of Appellate Procedure 28(a)(6).  Rule 28(a)(6) provides that an appellant's brief "shall contain the contentions of the appellant with respect to the issues presented, *and the reasons for those contentions with citations to authorities, statutes, and parts of the record relied on*."  (Emphasis added).  Because Oatis's brief on this issue is found to be lacking, we decline to address this issue, as it is deemed abandoned.  *See McGhee v. Young*, 138 So. 3d 259, 261-62 (¶9) (Miss. Ct. App. 2014); *Thompson v. State*, 92 So. 3d 691, 697 (¶13) (Miss. Ct. App. 2012).

### III.    Form of the Jury Verdict

¶22.    "If a jury has been instructed that it may rely on any one of two or more independent grounds, and one of those grounds is insufficient, a subsequent general verdict of guilty must be set aside because the verdict may have rested exclusively on the insufficient ground." *Phillips v. State*, 493 So. 2d 350, 355 (Miss. 1986).  The jury's verdict stated: "We, the jury,

9

find the defendant, Marlon Lavelle Oatis, guilty of felony driving under [the] influence." Since the jury could have convicted Oatis of either common-law DUI or per se DUI, and the evidence was legally sufficient for either crime, the jury's return of a general verdict is of no significance.

¶23. This issue is without merit.

¶24. **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE, AS A HABITUAL OFFENDER, OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**