# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00773-COA

**TERRANCE RICHARD CAMPBELL A/K/A**                 **APPELLANT**
**TERRANCE CAMPBELL A/K/A TERRENCE**
**CAMPBELL A/K/A TERRENCE R. CAMPBELL**

**v.**

**STATE OF MISSISSIPPI**                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/26/2014 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCED TO FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED: 05/19/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. A Harrison County jury found Terrance Richard Campbell guilty of driving under the influence (DUI). The court sentenced Campbell to five years in the Mississippi Department of Corrections' custody. On appeal, Campbell argues that the jury's general verdict is reversible error because it did not specify whether the jury found him guilty of "common

law" DUI and/or "per se" DUI.  Finding no error, we affirm Campbell's conviction and sentence.

**FACTS**

¶2.    On September 27, 2012, Deputy Pablo De La Cruz responded to a domestic-violence call.  He arrived on scene and spoke with the woman involved.  She said she was fighting with Campbell, and he left.  While Deputy De La Cruz was at the scene, Campbell returned in a black Nissan Maxima.  Deputy De La Cruz tried to wave him down, but he refused to stop.  He drove across a ditch and into a yard.  Deputy De La Cruz testified that Campbell was belligerent.  He had red eyes and slurred speech, and he smelled of alcohol.  The deputy asked Campbell to exit his car, but he was uncooperative.

¶3.    Deputy Caleb Mitchell of the DUI unit responded to the scene.  He, too, noticed Campbell had lowered inhibitions and smelled of alcohol.  When he offered Campbell a field sobriety test, he refused and asked to go to jail.  Mitchell testified that Campbell was upset and used profanity.  After Deputy Mitchell arrested Campbell, he discovered that Campbell had two previous DUI convictions within the last two years.  So he obtained a warrant to have Campbell's blood-alcohol content (BAC) tested at Garden Park Hospital.  Deputy Mitchell logged the DUI kit at the sheriff's office.  Duriel McKinsey, a forensic toxicologist, testified that he examined the kit and found it to be in good condition.  After testing, Campbell's BAC was determined to be .14%.

¶4.    A grand jury indicted Campbell on two counts.  Count I of his indictment charged him

with a violation of Mississippi Code Annotated section 63-11-30(1)(a) (Supp. 2014), or "common-law DUI."[1] Count II charged him with violating section 63-11-30(1)(c), referred to as "per-se DUI."[2] At trial, the jury received the following instruction:

> If you unanimously find the defendant, TERRANCE RICHARD CAMPBELL, guilty of Count I, driving under the influence which impaired his ability to drive and you further find that he had been twice previously convicted under the Implied Consent Law within five (5) years of September 27, 2012, OR if you unanimously find the defendant, TERRANCE RICHARD CAMPBELL, guilty of Count II, driving at a time while he had an alcohol concentration of eight one[-]hundredths percent (.08%) or more in his blood and you further find that he had been twice previously convicted under the Implied Consent Law within five (5) years of September 27, 2012, [the] form of your verdict shall be:
>
> > "We the jury find the defendant TERRANCE RICHARD CAMPBELL guilty of FELONY DRIVING UNDER THE INFLUENCE."
>
> If you find the defendant, Terrance Richard Campbell, not guilty of Count I, driving under the influence [,] AND not guilty of Count II, driving at a time while he had an alcohol concentration of eight one-hundredths percent (.08%) or more in his blood on September 27, 2012, the form of your verdict shall be:
>
> > "We, the jury find the defendant TERRANCE RICHARD CAMPBELL not guilty of FELONY DRIVING UNDER THE INFLUENCE."

¶5. The jury found Campbell guilty of felony driving under the influence without

---

[1] Section 63-11-30(1)(a) provides: "It is unlawful for any person to drive or otherwise operate a vehicle within this state who . . . is under the influence of intoxicating liquor[.]"

[2] Section 63-11-30(1)(c) provides: "It is unlawful for any person to drive or otherwise operate a vehicle within this state who . . . has an alcohol concentration of eight one-hundredths percent (.08%) or more for persons who are above the legal age to purchase alcoholic beverages under state law[.]"

specifying whether the verdict was for common-law DUI or for per se DUI.

## DISCUSSION

¶6.     Campbell argues one issue on appeal — that the jury's verdict was insufficient and did not specify whether it was for Count I, Count II, or both.  We presume that jurors follow the court's instructions.  *Stubbs v. State*, 878 So. 2d 130, 137 (¶19) (Miss. Ct. App. 2004).  "[A] jury's verdict will not be reversed for "mere want of form," so long as the "jury's intent can be understood in a reasonably clear manner."  *Jordan v. State*, 912 So. 2d 800, 814 (¶35) (Miss. 2005) (citing Miss. Code Ann. § 99-19-9 (Rev. 2007)).  *See also Coles v. State*, 756 So. 2d 12, 14 (¶12) (Miss. Ct. App. 1999).

¶7.     In this case the jury's verdict stated: "We, the jury, find the [d]efendant, Terrance Richard Campbell[,] guilty of Felony Driving Under the Influence" — as did the jury in *Oatis v. State*, 146 So. 3d 1015, 1021 (¶22) (Miss. Ct. App. 2014), a case directly on point in which we specifically held:

> Since the jury could have convicted Oatis of either common-law DUI or per se DUI, and the evidence was legally sufficient for either crime, the jury's return of a general verdict is of no significance.

¶8.     We find the evidence was sufficient to support a verdict under either count.

¶9.     **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.**