# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KA-00927-COA

CURTIS LATHAN                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/05/2022 |
| TRIAL JUDGE: | HON. LEE SORRELS COLEMAN |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RODNEY A. RAY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAUREN GABRIELLE CANTRELL |
| DISTRICT ATTORNEY: | SCOTT COLOM |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/28/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., McCARTY AND SMITH, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     A teenage girl was killed at a birthday party. Another partygoer, also a juvenile, was arrested and ultimately charged and convicted of second-degree murder. On appeal, he challenges the form of the jury's verdict and the procedure of his sentencing. Finding no error, we affirm.

## FACTS

¶2.     A Columbus High School student threw her "sweet 16" birthday party at Propst Park Community Center. The party was open to anyone who wanted to attend. It soon became very crowded and ran well into the late summer evening. Sometime before midnight, the venue was cleared, and the partygoers exited into an outdoor area near the community center.

¶3.     A scuffle ensued between two guests at the party.  Gunfire erupted, and 16-year-old Arykah White was killed with a single shot to her head.  Arykah's parents, Bridgett and Reginald, later described their daughter as "a lovely and beautiful young lady" who "was just about to start her junior year in high school and was looking at application[s] to go to college"—the type of student who "was very excited for school to start."

¶4.     After a thorough investigation was launched, Curtis Lathan was apprehended and later indicted.  The sole charge was second-degree murder, which the indictment alleged occurred when he killed Arykah "in the commission of an act eminently dangerous to other[s] and evincing a depraved heart[.]"  He was 17 at the time of the murder.

**PROCEDURAL HISTORY**

¶5.     A jury trial was held in the Circuit Court of Lowndes County.  The jury was given an instruction, S-5, which told them, "If you find the Defendant guilty of second degree murder as charged in count number one, the form of your verdict shall be as follows: We, the jury, find the Defendant guilty as charged."  The jury was also informed in the same instruction that if it determined Lathan was not guilty of that crime, then it could consider "all of the elements of the lesser included offense of Culpable Negligence Manslaughter."

¶6.     After their deliberations, the jury wrote "2nd Degree Murder" on a sheet of paper; three lines below it was the underlined word "Guilty."  The trial court announced, "The verdict of the jury is second degree murder, guilty."

¶7.     While this language did not conform to the given instruction, Lathan did not object.

2

His counsel asked the circuit court to poll the jury, and the jurors were asked to "say if you agree with the verdict." All twelve members of the jury responded that they agreed.

¶8. The court then asked both parties if they were ready to proceed to sentencing. Both the State and counsel for Lathan announced they were ready. The circuit court sentenced Lathan to serve 40 years in the custody of the Mississippi Department of Corrections. The trial court denied Lathan's post-trial motion.

¶9. He filed a notice of appeal, and it was assigned to us for review. He challenges the verdict form returned by the jury and the sentence he received from the trial court.

## DISCUSSION

### I. The circuit court did not err by accepting the verdict form.

¶10. Lathan first argues that because the jury failed to return the verdict as it was instructed, the court erred by accepting it. However, Lathan did not object to the form of the verdict at trial.

¶11. With respect to the form of a jury verdict, "[n]o special form of verdict is required, and where there has been a substantial compliance with the requirements of the law in rendering a verdict, a judgment shall not be arrested or reversed for mere want of form therein." Miss. Code Ann. § 99-19-9 (Rev. 2020). Ordinarily, "'the verdict [form] is sufficient in form if it expresse[d] the intent of the jury so that the court can understand it[.]'" *Ellard v. State*, 248 Miss. 313, 158 So. 2d 690, 692 (1963) (quoting *Wilson v. State*, 197 Miss. 17, 19 So. 2d 475, 475 (1944)).

3

¶12.   The State urges us to follow the reasoning of the Mississippi Supreme Court in a capital murder case. *Culberson v. State*, 379 So. 2d 499 (Miss. 1979). The defendant similarly argued his conviction should be reversed because the jury was instructed to have a guilty verdict state, "We, the jury, find the defendant guilty of capital murder." *Id.* at 506. Instead, the jury wrote, "We, the jury, find the accused guilty as charged." *Id.*

¶13.   The Supreme Court was unconvinced, reasoning that "[i]t is convincingly clear to us that the jurors understood 'guilty as charged' to mean 'guilty of capital murder.'" *Id.* at 507. "The difference argued gives rise only to a distinction without meaning[.]" *Id.* Furthermore, the Court found no prejudice since the "the judge polled the jury, and each juror acknowledged the verdict reflected his or her vote, and none expressed any doubt about the verdict prior to or during the punishment phase of the trial." *Id.* at 506.

¶14.   Lathan is correct that the jury did not follow the instruction it was given. Yet as in *Culberson*, this verdict form does not "deviate from the jury's clear intention" to find him guilty of second-degree murder. The question before the jury was whether Lathan had committed the crime of second-degree murder; if those elements were not met, the jury could consider the lesser crime of culpable negligence manslaughter. By writing "2nd Degree Murder" and then "Guilty" below it, the jury unambiguously found Lathan guilty of that crime. Furthermore, as in *Culberson*, the jury was polled, and all twelve jurors orally acknowledged that they agreed with the verdict of "second degree murder, guilty."

¶15.   We have previously held that "a jury's verdict will not be reversed for mere want of

form, so long as the jury's intent can be understood in a reasonably clear manner." *Campbell v. State*, 164 So. 3d 519, 521 (¶6) (Miss. Ct. App. 2015) (cleaned up). The jury's intent in this case was clear. Accordingly, we find no reversible error.

## II. The circuit court did not err in sentencing Lathan.

¶16. Lathan also argues that because he was a juvenile at the time of the crime, the circuit court was required to hear mitigating evidence of his age prior to sentencing him.

¶17. The United States Supreme Court has held that "an individual who commits a homicide when he or she is under 18 may be sentenced to life without parole, but only if the sentence is *not mandatory* and the sentencer therefore has discretion to impose a lesser punishment." *Jones v. Mississippi*, 593 U.S. 98, 100 (2021) (emphasis added) (citing *Miller v. Alabama*, 567 U.S. 460 (2012)). *Miller*'s discretionary standard requires a sentencing judge or jury to consider a juvenile's age and related characteristics before sentencing him to life imprisonment without the possibility of parole. 567 U.S. at 478.

¶18. Neither the holding of *Miller* nor *Jones* is applicable to the sentencing in this case. Lathan was not sentenced to serve life in prison, and it is not a mandatory sentence for his crime, so the trial court was not required to engage in the analysis required by those cases. *See Mason v. State*, 235 So. 3d 129, 134 (¶¶16-17) (Miss. Ct. App. 2017) (finding *Miller* inapplicable and affirming a 15-year-old's sentence to 50 years because even though the "sentence is lengthy . . . it is not a de facto life sentence"). Additionally, State law grants a trial court wide discretion in sentencing for a conviction of second-degree murder: "the court

shall fix the penalty as not less than twenty (20) nor more than forty (40) years . . . ." Miss. Code Ann. § 97-3-21 (Rev. 2014). So unlike *Jones*, the statute under which Lathan was sentenced did not even permit the trial court to sentence him to life without parole.

¶19. Therefore, we find that the trial court did not improperly sentence the defendant.

## CONCLUSION

¶20. The jury's verdict form clearly expressed its intention to find Lathan guilty of second-degree murder, and the sentence the trial court imposed did not require any further analysis, as it was within the discretionary range afforded by the statute and not a mandatory imposition of life imprisonment. Therefore we affirm Lathan's conviction and sentence.

¶21. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**