# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-KA-00583-SCT

*DERRICK CHATMAN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2023 |
| TRIAL JUDGE: | HON. DEBRA W. BLACKWELL |
| TRIAL COURT ATTORNEYS: | AISHA ARLENE SANDERS |
| | NOAH MANASEH DRAKE |
| | IKEECIA LOREAL COLENBERG |
| | EVERETT T. SANDERS |
| | LYDIA ROBERTA BLACKMON |
| | PAUL DRAUGHN SULLIVAN |
| | BARBARA A. BLUNTSON |
| | MATTHEW DILLARD BUSBY |
| | SHAMECA SHANTE' COLLINS |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | LANCE O'NEAL MIXON |
| | JOSHUA MICHAEL CASSIDY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DANIELLE LOVE BURKS |
| DISTRICT ATTORNEY: | SHAMECA SHANTE' COLLINS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 08/29/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1. Derrick Chatman was convicted of two counts of sexual battery following a jury trial in the Adams County Circuit Court. The only issue asserted by Chatman on appeal is that the jury's verdict was ambiguous and "not fully responsive" to the verdict forms submitted,

which included the lesser-included offense of gratification of lust for both sexual-battery counts. Chatman claims the jury's verdict is ambiguous and the trial court erred by not directing the jury to retire for further deliberations in accordance with Mississippi Rule of Criminal Procedure 24.3.

¶2. We agree that there is uncertainty as to the unanimity of the jury's verdict with regard to the sexual-battery counts given that the jury also was instructed on the lesser-included offense of gratification of lust for both sexual-battery counts. Thus, Chatman's conviction for both sexual-battery counts cannot stand.

¶3. We reverse and remand for either a new trial on the sexual-battery charges or for resentencing on two counts of gratification of lust, at the option of the State.

**PROCEDURAL HISTORY**

¶4. Chatman was indicted on two counts of sexual battery for numerous alleged acts of sexual abuse against his minor stepdaughter, occurring between 2014 through June 2021. At the conclusion of trial, the jury was instructed on the elements of sexual battery for both counts via jury instructions S-1-A (count one) and S-2-A (count two). Both instructions also included the elements of gratification of lust, a lesser-included charge of sexual battery.

¶5. The jury was provided verdict forms submitted by the State for count one and count two, S-9 and S-10, respectively. Instruction S-9 reads as follows:

> If you, the jury, find the Defendant, Derrick Chatman, guilty of the crime of Sexual Battery in Count 1, then your verdict should read: "We, the jury, find the defendant Guilty of Sexual Battery in Count 1."

2

If you, the jury, find the Defendant, Derrick Chatman, guilty of the crime of Gratification of Lust in Count 1, then your verdict should read: "We, the jury, find the defendant Guilty of Gratification of Lust in Count 1."

If you, the jury, find the defendant[] not guilty of the crime of Gratification of Lust in Count 1, then your verdict should read: "We, the jury, find the Defendant not guilty in Count 1."

¶6.    Jury instruction S-10 reads the same as S-9, except "Count 1" is replaced with "Count 2."

¶7.    Before retiring the jury to the jury room for deliberations, the trial court told the jury, "Also in your instructions when you render your verdict, the form of the verdict has to be written as it's put forth in these instructions."

¶8.    During deliberations, the jury sent out a question to the trial court saying, "we need a breakdown of the charges[.]" After discussion with trial counsel for both parties, the trial court informed the jury that "you should refer to the two jury instructions that list the elements of the two crimes."

¶9.    Approximately one hour later, the jury announced that it had reached a verdict. According to the transcript, the jury was brought in to the courtroom "and hand[ed] the verdict to the deputy clerk who read[] the verdict of guilty on count one and count two." "The [c]ourt poll[ed] the jury and receive[d] an affirmative response from all twelve jurors." The jury was then excused. The handwritten verdict contained in the record reads, "On Count 1 Guilty"; "On Count 2 Guilty." The record does not indicate how the jury was polled.

3

¶10. Two weeks later, the trial court sentenced Chatman on count one to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years suspended and fifteen years to serve. On count two, the trial court sentenced Chatman to thirty years in the custody of the MDOC, with fifteen years suspended and fifteen years to serve. The trial court ordered that both sentences are to run consecutively, day-for-day.[1]

¶11. Chatman thereafter filed a motion for judgment notwithstanding the verdict, or, in the alternative, a motion for a new trial. He claimed that the evidence was insufficient to support his convictions for sexual battery. Chatman further claimed that he was entitled to a new trial based on numerous errors by the trial court. The trial court denied the motion.

¶12. For the first time on appeal, Chatman claims that the jury's verdict was ambiguous and "not fully responsive" and that the trial court erred by not "directing the jury to retire for further deliberations" in compliance with Mississippi Rule of Criminal Procedure 24.3.

¶13. The State contends that Chatman's claim is procedurally barred. The State cites *Thorson v. State*, 895 So. 2d 85, 100 (Miss. 2004), which held that because the defendant did not object "to the form of the verdict returned by the jury[,]" his claim on appeal that the verdict was not responsive to the instructions submitted was procedurally barred.

---

[1] The maximum sentence for sexual battery as charged in this case under Mississippi Code Section 97-3-95(2) (Rev. 2020), is thirty years. Miss. Code Ann. § 97-3-101(1) (Rev. 2020). The maximum sentence for gratification of lust is fifteen years. Miss. Code Ann. § 97-5-23(2) (Rev. 2020).

¶14.   The State further contends that procedural bar notwithstanding, Chatman's claim is without merit. The State submits that the jury's verdicts "can only mean it found Chatman guilty of sexual battery" on both counts.

**DISCUSSION**

¶15.   We agree with the State that because no objection was made to the form of the verdict when the verdict was returned, Chatman is procedurally barred from raising the matter on appeal. *Jordan v. State*, 786 So. 2d 987, 1003 (Miss. 2001) (citing *Edwards v. State*, 737 So. 2d 275, 306-07 (Miss. 1999)). Accordingly, Chatman must otherwise demonstrate plain error. *Spiers v. State*, 361 So. 3d 643, 657 (Miss. 2023). "The plain error doctrine has a two-part test which requires: (i) an error at the trial level and (ii) such error resulted in a manifest miscarriage of justice." *Stephens v. State*, 911 So. 2d 424, 432 (Miss. 2005) (citing *Gray v. State*, 549 So. 2d 1316, 1321 (Miss. 1989)).

¶16.   Chatman cites Mississippi Rule of Criminal Procedure 24.3 to argue that the trial court erred by not directing the jury to retire for further deliberations. Rule 24.3 provides as follows:

> Forms of verdicts shall be contained in the jury instructions for each offense charged and, where warranted by the evidence, the trial judge may instruct for any or all lesser-included or attempt offenses as provided in Mississippi Rule of Criminal Procedure 24.2(d). The defendant may not be found guilty of any offense for which no form of verdict has been submitted to the jury. If the verdict returned is not fully responsive, the court shall direct the jury to retire for further deliberations. The court may correct or complete the verdict, as to form only, in open court in the presence of the parties and the jury.

5

¶17. Chatman argues that because the jury verdict was ambiguous and not fully responsive to the specific instructions that the jury received, the trial court had an obligation to direct the jury to retire for further deliberations.

¶18. Chatman contends that it is impossible to know whether the jury unanimously found him guilty of sexual battery or gratification of lust. Chatman cites the recent United States Supreme Court case *Ramos v. Louisiana*, 590 U.S. 83, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), which held that the Sixth Amendment right to a jury trial, as applied to the states by way of the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense.

¶19. This Court has held that

> [t]he general rule, as found in the texts, is that ordinarily the verdict is sufficient in form if it expresses the intent of the jury so that the court can understand it, or that the test of the validity of a verdict is whether or not it is an intelligible answer to the issues submitted to the jury.

*Thorson*, 895 So. 2d at 100 (alteration in original) (quoting *Wilson v. State*, 197 Miss. 17, 19 So. 2d 475 (1944)).

¶20. We agree that the verdicts returned by the jury were not fully responsive to what verdict forms S-9 and S-10 instructed. The trial court expressly told the jury that "in your instructions when you render your verdict, the form of the verdict has to be written as it's put forth in these instructions." What resulted, however, were two verdicts of guilty as to counts one and two.

6

¶21. Historically, this Court has recognized "that a general verdict of guilty is a finding upon all the material averments of the bill of indictment . . . ." *Cook v. State*, 49 Miss. 8, 16 (1873). This Court has further recognized that when a jury is instructed on a lesser offense of the offense charged in the indictment and "the jury returns a general verdict of guilty as charged," the verdict "will be regarded as a conviction of [the higher offense] alone." *Clanton v. State*, 211 Miss. 568, 52 So. 2d 349 (1951) (citing *Roberts v. State*, 55 Miss. 421 (1877)). Review of these cases, however, shows that the jury verdicts clearly referred to the charges set forth in the indictment.

¶22. The situation here is different given the verdict forms, S-9 and S-10, submitted to the jury. As mentioned, instructions S-9 and S-10 each refer to both sexual battery and gratification of lust as being part of counts one and two.

¶23. We have been unable to locate a similar Mississippi case in which this has occurred. In *Thorson*, it was claimed that the jury's verdict as to an aggravating factor in a capital murder case was unresponsive to the instructions submitted. *Thorson*, 895 So. 2d at 100. The jury was instructed to consider whether the "capital offense was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody." *Id.* The jury returned its verdict, finding that "[t]he offense was committed with the purpose of covering up and hiding evidence." *Id.* (alteration in original) (emphasis omitted) (internal quotation marks omitted). This Court concluded that, procedural bar notwithstanding, the

7

claim was without merit because "[a] fair reading of the verdict convinces us that the jury's decision was unambiguous . . . ." *Id.* at 101.

¶24. In the instant case though, there is uncertainty as to the unanimity of the jury's verdict with regard to the sexual-battery charges. And we find nothing in the record that alleviates it. Therefore, we agree with Chatman that his convictions for sexual battery cannot stand. The question now becomes what remedy should apply.

¶25. Chatman does not request or argue for any remedy other than vacation of his convictions and sentences. He simply claims that the jury's verdict "is a nullity" and that this Court "must vacate the trial court's entry of judgment of convictions and its sentence[s] imposed upon Derrick Chatman."

¶26. Nor does Chatman challenge the sufficiency of the evidence presented at trial for either sexual battery or gratification of lust. And though not at issue, review of the record shows that more than sufficient evidence was presented to support a conviction for either offense.

¶27. We point out that under Criminal Rule of Criminal Procedure 24.6, when a defective verdict occurs at trial, the trial court "shall, with proper instructions, direct the jurors to reconsider the verdict." MRCrP 24.6(a). Afterwards, "[i]f the jury persists in rendering [a] defective verdict[], the court shall declare a mistrial." *Id.*

¶28. But in this instance, neither the trial court nor the parties realized that a defective verdict had occurred. Thus, Rule 24.6 was not invoked. And we are now faced with the matter for the first time on appeal.

¶29. Having considered the issue, we find that a version of this Court's direct-remand rule should apply in this case.

¶30. The "direct[-]remand rule" was termed by this Court in *Shields v. State*, 722 So. 2d 584, 585 (Miss. 1998) (internal quotation marks omitted) (citing *Washington v. State*, 222 Miss. 782, 77 So. 2d 260, 263 (1955)). *Shields* noted a series of cases from this Court that had held: "when the jury convicts of a greater offense, which is invalidated on appeal for want of sufficiency of the evidence, no new trial is required and the defendant may be remanded for sentencing upon the lesser[-]included offense where the proof establishes proof of the lesser offense." *Id.* (citing *Yates v. State*, 685 So. 2d 715 (Miss. 1996), *overruled on other grounds by* *Buffington v. State*, 824 So. 2d 576 (Miss. 2002); *Alford v. State*, 656 So. 2d 1186 (Miss. 1995); *Bogard v. State*, 624 So. 2d 1313, 1320 (Miss. 1993); *Dedeaux v. State*, 630 So. 2d 30, 33 (Miss. 1993); *Clemons v. State*, 473 So. 2d 943 (Miss. 1985); *Biles v. State*, 338 So. 2d 1004, 1005 (Miss. 1976); *Anderson v. State*, 290 So. 2d 628, 628-29 (Miss. 1974); *Wells v. State*, 305 So. 2d 333, 337-38 (Miss. 1974)).

¶31. *Shields* explained that the "logical underpinnings for this rule . . . have long been grounded on the fact that guilt of a true lesser included offense is implicitly found in the

jury's verdict of guilt on the greater offense." *Id.* (citing *Washington*, 222 Miss. 782, 77 So. 2d at 263).

¶32.    *Shields* also noted that the direct-remand rule has been followed by other jurisdictions, "with varying rationales, either statutory, rule based or inherent power." *Id.*   *Shields* added that "any constitutional infirmity in the rule" was resolved in *Rutledge v. United States*, 517 U.S. 292, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996), in which the Supreme Court stated:

> [F]ederal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense. This Court has noted the use of such a practice with approval.

*Shields*, 722 So. 2d at 586 (alteration in original) (quoting *Rutledge*, 517 U.S. at 306).

¶33.    Neither this Court nor the Court of Appeals has applied the direct-remand rule in any other situation except when the evidence supports a lesser-included offense but not the greater offense.  But other jurisdictions have done so.

¶34.    For example, a Michigan case noted by this Court in *Shields* reiterated that under Michigan law,

> [w]here a trial court improperly fails to include an instruction regarding a lesser included offense, the remedy is to remand for entry of a conviction of the lesser included offense and for resentencing or, if the prosecution desires, for a retrial on the charge for which the defendant was convicted.

10

*Shields*, 722 So. 2d at 585 (quoting *People v. Cummings*, 580 N.W.2d 480, 485 (Mich. Ct. App. 1998)).[2]

¶35.    We find that to be an appropriate remedy here.  The uncertainty or doubt with the unanimity of the jury's verdict on the sexual-battery charges requires reversal of Chatman's conviction on those charges.  Chatman remains subject to retrial on the sexual-battery charges given that there is no issue as to sufficiency of the evidence regarding those charges. *See, e.g.*, *Beckwith v. State*, 615 So. 2d 1134, 1147 (Miss. 1992) ("Defendants may be repeatedly retried . . . following mistrials granted because the jury was deadlocked and could not reach a unanimous verdict." (citing *Watts v. State*, 492 So. 2d 1281 (Miss. 1986); *Wallace v. State*, 466 So. 2d 900 (Miss. 1985); *State v. Moor*, 1 Miss. 134 (1823))).

¶36.    But while we cannot infer unanimity from the jury's verdict as to the sexual-battery offenses, we can infer jury unanimity on the two counts of gratification of lust submitted to the jury under Section 97-5-23.

¶37.    This Court has recognized that gratification of lust under Section 97-5-23 can be considered a lesser-included offense of sexual battery under Mississippi Code Section 97-3-95 (Rev. 2020).  *Jenkins v. State*, 131 So. 3d 544, 550 (Miss. 2013) (citing *Friley v. State*, 879 So. 2d 1031, 1034-35 (Miss. 2004)).  The *Friley* Court stated that "a plain reading of

_____

[2] The Michigan Supreme Court reversed Michigan Court of Appeals' decision after finding that the trial court did not err by refusing the lesser-included-offense instruction. *People v. Cummings*, 585 N.W.2d 299 (Mich. 1998).

[Sections 97-5-23 and 97-3-95] shows that sexual battery (penetration) includes molestation (touching). It is impossible to penetrate without touching." *Friley*, 879 So. 2d at 1035.

¶38. Given how the jury was instructed, along with the facts of the case, we can say with certainty that the jury, at least, unanimously found Chatman guilty of gratification of lust.

¶39. Accordingly, we reverse Chatman's conviction of two counts of sexual battery. We remand the case to the trial court for a new trial on the sexual-battery charges, or, at the option of the State, for resentencing under Section 97-5-23(2).

## CONCLUSION

¶40. We reverse and remand for further proceedings consistent with this opinion.

¶41. **REVERSED AND REMANDED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. RANDOLPH, C.J., NOT PARTICIPATING.**